UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEXTER JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:16-cv-00514 |
| ) | REEVES/SHIRLEY |
| TONY PARKER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1], an application to proceed *in forma pauperis* [Doc. 3], and three motions regarding the status of this action [Docs. 6, 7, and 8]. For the reasons set forth below, no process will issue and this action will be **DISMISSED without prejudice** to Plaintiff filing a fee-paid § 1983 complaint, pursuant to the three-strike rule of 28 U.S.C. § 1915(g). Accordingly, Plaintiff's pending motions [Docs. 6, 7, and 8] will be **DENIED as moot**.

Section 1915(g) of the Prison Litigation Reform Act of 1996 (PLRA) provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

While incarcerated, Plaintiff has filed at least three prior civil rights actions that were dismissed as frivolous. *See Johnson v. Taylor,* Civil Action No. 2:2000-CV-2342 (W.D. Tenn. April 18, 2000) (dismissed as frivolous); *Johnson v. Holland,* Civil Action No. 3:99-CV-931 (E.D.

Tenn. Oct. 4, 1999) (same); and *Johnson v. Warren,* Civil Action No. 2:95-CV-397 (E.D. Tenn. Nov. 20, 1995) (same).

Plaintiff's complaint and the documents incorporated by reference therein make various assertions that could be construed to allege imminent danger, however. Accordingly, the Court must now determine whether Plaintiff has sufficiently alleged that he is in imminent danger such that he would be permitted to proceed in this matter *in forma pauperis* under § 1915(g).

The Sixth Circuit has held that, to warrant application of the imminent danger exception to § 1915(g), the plaintiff must allege facts "from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that the plaintiff was under an existing threat at the time of filing the lawsuit. *Taylor v. First Med. Mgmt.*, 58 F. App'x 488, 492 (6th Cir. 2012) (internal quotation marks omitted). The alleged danger facing the plaintiff has to be "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). Past dangers are insufficient. *Id.* at 797–98 (holding that "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception" under § 1915(g)).

The allegations in Plaintiff's complaint and the documents incorporated by reference therein do not warrant application of the imminent danger exception of § 1915(g). Specifically, the allegations in Plaintiff's complaint and the documents incorporated by reference therein arise out of Plaintiff's allegations that jail officials at South Central Correctional Facility ("SCCF") in Clifton, Tennessee were not following a medical order regarding limitations on Plaintiff's ability to walk on uneven ground, stand for periods of time, and/or participate in strenuous activities [Doc. 1-1 (Plaintiff's health assessment) and Doc. 1-2 (Plaintiff's SCCF grievances)]. Plaintiff,

2

however, was not housed at SCCF when he filed his complaint. Rather, Plaintiff was housed in the Morgan County Correctional Complex [Doc. 1-5], which is where Plaintiff is currently housed [Doc. 8 p. 2]. As such, the Court cannot draw the reasonable inference that Plaintiff was under an existing threat of physical injury at the time the complaint was filed, and, as set forth above, past dangers are insufficient to warrant application of the imminent danger exception to § 1915(g).

Accordingly, Plaintiff must prepay the entire $400.00 filing fee to proceed in this action, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **DENIED**, and Plaintiff's complaint will be **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing a fee-paid § 1983 complaint, pursuant to the three-strike rule of 28 U.S.C. § 1915(g). As such, Plaintiff's pending motions [Docs. 6, 7, and 8] will be **DENIED as moot**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE ORDER WILL ENTER.**

E N T E R :

___/s/ Pamela L. Reeves___
**UNITED STATES DISTRICT JUDGE**

3